E. B. FIELDS, Respondent, v. W. F. HANSBERGER, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Appellate Practice:** EVIDENCE: CONFLICT: AGENCY: APPROVAL. In this case there was a conflict of evidence as to the extent of the agent's authority and as to whether the contract in suit was made by the agent subject to approval by the principal; and the issue being submitted to the jury, the appellate court will not weigh the evidence.

2. **Principal and Agent:** RATIFICATION: JURY QUESTION: INSTRUCTION. The conversation between the plaintiff and defendant set out in the opinion is *held* sufficient evidence to send the question of ratification of his agent's contract by the defendant to the jury; and instructions on agency and ratification in this case are approved.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Montgomery & Montgomery* for appellant.

(1) The court erred in admitting evidence of the acts and declarations of the alleged agent before the plaintiff had made a *prima facie* case of agency. Evidence of acts and declarations of agent are admissible only when such acts and declarations are within the scope of authority. Mechem on Agency, secs. 100, 714, 716; 1 Greenleaf on Evidence, secs. 113, 114; 1 Am. and Eng. Ency. of Law [2 Ed.], p. 1143; *McDermott v. Railroad,* 73 Mo. 519; *Robinson v. Walton,* 58 Mo. 385; *Bevis v. Railroad,* 26 Mo. App. 21, 22; *Bergman v. Railroad,* 104 Mo. 86, 87; *Peck v. Ritchey,* 66 Mo. 118. This principle is clearly recognized in *Diel v. Railroad,* 37 Mo. App. 457, 458; *Franklin v. Ins. Co.,* 52 Mo. App. 465; *Brooks v. Jameson,* 55 Mo. 505, and in many other cases. (2) It was error to instruct the jury that "Hallam's authority need not be shown by direct evidence showing his appointment, but" might be inferred "from all the circumstances shown in evidence." Mechem on Evidence, secs. 63, 103, 294; *Stadleman v. Fitzgerald,* 14 Neb. 290; *Gould v. Lead Co.,* 9 Cushing (Mass.), 345; *Implement Co. v. Buggy Co.,* 32 S. W. Rep. (Tex.) 557; *Pollock v. Cohen,* 32 Ohio St. 514; 1 Am. and Eng. Ency. of Law [2 Ed.], 998, and note; Mechem on Agency, secs. 104, 294. Whether an agent has acted in excess of his authority is a question of law for the court after the jury have determined, *first,* what were the contents of the letter and, *second,* what acts the agent did. *Seehorn v. Hall,* 130 Mo. 262. (3) The court erred in giving instruction numbered 6.

*D. E. Kennedy* for respondent.

(1) There was no error in admitting evidence of the acts and declarations of the agent—no objections

were made or exceptions saved to the introduction of the testimony of the agent (Hallam), and his acts and declarations were brought out by the defendant in the testimony of the witness, Barber, and was read to the jury without objection or exception on the part of defendant. The declarations of the agent are admissible when otherwise proved. 1 Am. and Eng. Ency. of Law [1 Ed.], p. 351; *Turner v. Ins. Co.*, 55 Mich. 236; Mechem on Agency, sec. 714; *Barbee v. Spirey*, 32 S. W. Rep. (Tex.) 344; *McLachlan v. Burk*, 64 Mo. App. 511. *Pump Co. v. Green*, 31 Mo. App. 269; *Carrister v. Railroad*, 25 Mo. App. 619. (2) No error was committed in giving instruction number 2 on behalf of the plaintiff. The nature and extent of an agent's authority may be inferred from circumstances. *Cummings v. Hurd*, 49 Mo. App. 139; *Bank v. Wheat*, 58 Mo. App. 11; *Nicholsen v. Golden*, 27 Mo. App. 132; *Mitchum v. Dunlap*, 98 Mo. 418; Mechem on Agency, sec. 102. The jury must determine the question of fact after the court has declared the law. *Seehorn v. Hall*, 130 Mo. 262; Mechem on Agency, secs. 294, 298. Whether or not the relation of agency existed is a question for the jury. Mechem on Agency, sec. 311; *Harrison v. Railroad*, 50 Mo. App. 332; *Lumber Co. v. Warner*, 93 Mo. 274; *Barrett v. Railroad*, 9 Mo. App. 226. (3) The authority of Hallam to act for the defendant was shown by the admissions of the defendant, as well as other evidence. The verdict of the jury was fully warranted by the evidence; the judgment is for the right party and should be affirmed with damages. *Taylor v. Scott*, 26 Mo. App. 249; *Brooking v. Shinn,* 25 Mo. App. 277; *Bank v. Armstrong*, 92 Mo. 265; *Clark v. Waldron*, 39 Mo. App. 21; *Vaughn v. Daniels*, 98 Mo. 230; *Jones v. Christian*, 24 Mo. App. 540; *Mill Co. v. Coquard*, 40 Mo. App. 40; *Kortjohn v. Seimers,* 29 Mo. App. 271; *Bassett v. Glover*, 31 Mo. App. 150.

ELLISON, J.—Defendant was a contractor with the general government for carrying the mails in Texas. Plaintiff charges that defendant, by contract with him, let a portion of the routes which he had of the government, to plaintiff at the price of $1,200 per year, for the space of two years, nine months, and two days. Defendant denies the contract. The judgment in the trial court was for plaintiff.

The contract alleged is charged to have been made with defendant's agent, Hallam. The controversy between the parties relates mainly to the authority of the agent to make the contract for defendant and the question of ratification. It seems that defendant authorized Hallam to let the contract for him, but claims that the agent's authority was restricted in his letter of authority, to a certain price per year, viz.:

APPELLATE practice: evidence: conflict: agency: approval.

not more than $1,036. There was evidence tending to show that the letter did restrict the agent's authority to a sum not exceeding that amount. On the other hand, there was evidence tending to show that a letter from defendant to the agent, which was exhibited to plaintiff at the time of making the contract, empowered the agent to make the contract for carrying the mail between certain points, and contained no limitation as to the amount which should be paid therefor. It is not worth while for us to examine the relative weight of these conflicting contentions. That has been determined by the jury.

The defendant likewise claims that the contract made with plaintiff and upon which his action is brought, was made by the agent aforesaid, subject to the approval of the defendant and that he not only refused to approve it, but affirmatively rejected it by telegram and letter. On the other hand, evidence in

plaintiff's behalf tended to show that the contract was agreed upon one evening and was executed and left with the postmaster at Decatur, Texas, the next morning, to be by him held until 12 o'clock that day, when, if the agent, who intended to leave at that hour, did not receive a telegram from defendant rejecting the contract (the agent having telegraphed the defendant the evening before), it was to be delivered to the plaintiff. That no telegram having been received, the agent told plaintiff that the contract should be considered final. There being evidence to support either view of this part of the controversy, we must abide by the verdict.

On the question of ratification, there was likewise a conflict of testimony. It seems that plaintiff, after having carried the mails, as he contends, PRINCIPAL and agent: ratification: jury question: instruction. under the contract sued on for nearly a year, wrote to defendant for the difference between the contract price of $1,200 and $1,036 and then went to Sedalia, Missouri, where defendant resided, and there had a conversation at length with defendant. That he offered to surrender up his contract. Plaintiff states that he said to defendant: "I am ready at any time to give the route up, and he agreed to send the man from Vernon, and I went home and looked for the Vernon men to come down and take the route off my hands. I waited, thinking he would send the men, and he never so much as wrote to me, just laid silent on me until the term was out."

We have no doubt that, taking the whole conversation at this time and connecting it with the fact that plaintiff went on with the mail route for the remainder of the term, it was ample to authorize the submission of the question of ratification to the jury.

This brings us to a consideration of the instructions. We have examined them with reference to the

evidence upon which they were based and find that they are unobjectionable. As a series, including those for both parties, they present clearly and definitely the issues to be passed upon. The agency of Hallam, his authority, the contract and its effect, together with a proper submission for each party of ratification, was definitely embraced within them.

There were some objections to the evidence admitted. To some of these objections, no exceptions were saved. To others, the objection was much too general. Upon the whole, we find no reason to complain of the court on this head.

We have not set out the evidence in this opinion, since it would be a profitless labor. Nor have we entered into a detailed examination of the points made by defendant's counsel, both at the argument and in briefs, against the instructions given for plaintiff. These points and suggestions in support thereof have been carefully considered with the result before stated. The judgment will be affirmed. All concur.